99 F.3d 1141
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bernard J. WESELY, Plaintiff-Appellee,
v.
CHURCHILL DEVELOPMENT CORPORATION, d/b/a Ramada Inn; RAMADA
INN; Defendants,
John C. Cubar, Appellant.
 No. 95-4024.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1996.
 
 On Appeal from the United States District Court for the Northern District of Ohio, No. 95-00918; Ann Aldrich, Judge.
 N.D.Ohio
 REVERSED IN PART.
 Before: MILBURN, SUHRHEINRICH, Circuit Judges; Rosen, District Judge.*
 PER CURIAM.
 
 
 1
 Attorney John C. Cubar appeals from the district court order imposing Rule 11 sanctions on him. For the reasons that follow, we REVERSE in part.
 
 I.
 
 2
 On April 26, 1995, plaintiff Bernard J. Wesely brought suit against defendants Churchill Development d/b/a Ramada Inn and Ramada Inn for handicap discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101-12213, and Ohio Revised Code Chapter 4112. Wesely alleged that defendants fired him from his position as dishwasher on August 20, 1993, because he is HIV-positive.
 
 
 3
 Appellant John C. Cubar, attorney for defendants, claims that he learned of this suit through Churchill Development Corporation's insurer, Auto-Owners Mutual Insurance Company, on or about May 3, 1995, and that he received a copy of the complaint on May 4, 1995. On May 19, 1995, the district court granted counsels' stipulation for defendants to plead to the complaint by June 9, 1995. Defendants filed their answer on May 31, 1995.
 
 
 4
 On July 17, 1995, the district court issued an order directing defendant to show cause why Rule 11 sanctions should not be imposed based upon one denial and three affirmative defenses pleaded in the original answer. The district court questioned defendants' denial "for want of information" of paragraph six of the complaint, which alleged that "Plaintiff was employed by Defendants prior to and on or about August 19, 1993 as a dishwasher in Defendants' kitchen." The court stated that the denial, without more, suggested that defendants had failed to make a basic inquiry prior to filing an answer by consulting their own records to confirm or deny that Wesely was in their employ.
 
 
 5
 The district court characterized as "frivolous" defendants' affirmative defense based on Ohio at-will employment law. According to the district court, the doctrine is a defense only to claims for breach of contract and not to a statutory cause of action for employment discrimination. The court criticized as "wholly frivolous" defendants' affirmative defense that "plaintiff is not entitled to any punitive damages as a matter of law." It observed that Title 42 U.S.C. § 12117(a) adopts the remedies available for violations of Title VII set out at 42 U.S.C. § 2000e-5, and that 42 U.S.C. § 1981a(b)(1), which amended Title VII in 1991, authorizes an award for punitive damages subject to a statutory cap. Lastly, the lower court found "thoroughly devoid of merit" defendants' claim that punitive damages would violate their federal substantive and procedural due process rights.
 
 
 6
 The district court ordered defendants to show cause, within ten days why the court should not impose sanctions upon them "for their offending conduct." It noted that "while an amendment to the answer is clearly appropriate, a mere amendment will not serve as a showing of cause."
 
 
 7
 In its memorandum and order following Cubar's response, the court found that Cubar had failed to show cause why sanctions should not be imposed against him. Regarding the denial, the court criticized Cubar for not contacting defendant Churchill directly to verify plaintiff's employment, instead of going through Churchill's insurer.
 
 
 8
 It also rejected defendants' argument that the employment-at-will doctrine would come into play if plaintiff's statutory discrimination claim failed. As for the second objectionable affirmative defense, the court pointed out that defendants had specifically denied plaintiff's allegations of malice and reckless indifference, in paragraph nineteen of their answer. Thus, to read the subsequent affirmative defense as merely an assertion that defendants had not acted with malice or reckless indifference, would render it "nugatory and redundant." The court therefore refused to allow defendants to "twist" the "matter of law" language in their answer to avoid sanctions. Finally, the court found unwarranted in light of Supreme Court precedent defendants' assertion that punitive damages would violate their federal constitutional rights. The court ordered Cubar to pay $2,000, $500 for each violation, to the court. Cubar appeals. Plaintiff has opted not to respond.
 
 II.
 
 9
 This matter originated as an interlocutory appeal, creating some question of whether appellate jurisdiction existed. While this appeal was pending, the parties settled the matter, and the lower court entered an amended stipulation to dismiss with prejudice on June 13, 1996. As no proceedings remain before the district court, any potential impediment to this court's jurisdiction has been removed.
 
 III.
 
 10
 District courts have broad discretion in imposing Rule 11 sanctions. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 400 (1990). Consequently, we apply an abuse of discretion standard of review to "all aspects of a district court's Rule 11 determination." Id. at 405; Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc., --- F.3d ----, Nos. 95-3063, 95-3134, 95-3136, 1996 WL 375862, at * 2 (6th Cir. July 8, 1996) (per curiam). A district court necessarily abuses its discretion if its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Cooter, 496 U.S. at 405.
 
 
 11
 On the merits, we cannot say that the district court misapplied the law or mischaracterized the facts. It is correct that Cubar's failure to contact his client, the defendant employer, rather than the insurance company violated the reasonable inquiry requirement of Rule 11. Cubar concedes as much, but pleads lack of bad faith, which of course is not a defense. See generally 2A James W. Moore, Moore's Federal Practice p 11.02 at 11-44 (2d ed. 1995). It is strictly correct that employment-at-will is not a defense to a statutory claim of employment discrimination (although as Cubar points out, absent proof of statutory discrimination, the at-will doctrine would govern). See Phung v. Waste Management, Inc., 491 N.E.2d 1114 (Ohio 1986) (holding that at-will doctrine provides that employer may discharge employee for any reason not contrary to law). It is technically correct that punitive damages are available for violations of the ADA. See 42 U.S.C.A. § 1981a(a)(2) & (b)(1) (West 1994). Lastly, a constitutional challenge to punitive damages "as a matter of law" is incorrect (although an actual award may be subject to challenge as violative of due process).
 
 
 12
 Nonetheless, with the exception of sanctions for the denial, of plaintiff's employment relationship with the defendant, which is the only fault that arguably smacks of disdain for the judicial process itself, we think the court's imposition of sanctions is an abuse of Rule 11 itself. Here the district court indicated at the outset that Cubar would not be able to avoid sanctions by filing an amendment. Admittedly the safe harbor provision of Rule 11(c)(1)(A) applies only when a motion for sanctions is filed, and not when the court acts sua sponte. Fed.R.Civ.P. 11(c)(1)(A) & (1)(B); Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir.1995); Rhein Medical, Inc. v. Koehler, 889 F.Supp. 1511, 1517 (M.D.Fla.1995). However, as the Advisory Committee Notes to the 1993 amendment explain:
 
 
 13
 Since show cause orders will ordinarily be issued only in situations that are akin to a contempt of court, the rule does not provide a "safe harbor" to a litigant for withdrawing a claim, defense, etc., after a show cause order has been issued on the court's own initiative. Such corrective action, however, should be taken into account in deciding what--if any--sanction to impose if, after consideration of the litigant's response, the court concludes that a violation has occurred.
 
 
 14
 Fed.R.Civ.P. 11 (1993) (advisory committee notes).
 
 
 15
 We have perused the record--Cubar's response to the order to show cause in particular--and think it a stretch to characterize, except as noted, the answer and Cubar's explanation of its preparation, as something "akin to a contempt of court." Cf. Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1329 (2d Cir.1995) (holding that client's factual misstatements in affidavits, which client later corrected, did not rise to the level of "contempt of court" such that sua sponte imposition of sanctions would be warranted). Including an at-will defense to a statutory discrimination claim seems prudent, especially since contract and tort theories are frequently implicated in employment cases. The final two affirmative defenses are less defensible; yet it appears that the district court's rulings are as much a criticism of Cubar's semantics as an attack on improper pleadings.
 
 
 16
 More importantly, not only did the court not take into account the possibility of corrective action, it expressly ruled out such an option prior to the receipt of Cubar's response. Although perhaps not a violation of the letter of Rule 11, the refusal to allow amendment or withdrawal of objectionable defenses is most certainly a violation of the spirit of the rule, as expressed in the advisory committee notes. By refusing to entertain withdrawal or correction, the district court abused its discretion.
 
 IV.
 
 17
 For the foregoing reasons, the order of the district court imposing Rule 11 sanctions is REVERSED in part and REMANDED with instructions to VACATE the order imposing sanctions, except as to the $500 sanction for the improper denial.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation